UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ 06-60049
Magistrate Judge: _____

CIV-COHN
MAGISTRATE JUDGE
SNOW

FILED by _____ D.C.
INTAKE
JAN 12 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

JENELL FREY,

    Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH SERVICES, INC., a Florida corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

ARMOR CORRECTIONAL HEALTH SERVICES, INC., (hereinafter "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of this action to the United States District Court for the Southern District of Florida, and respectfully states as follows:

1.    This is a petition for removal of an action filed by Plaintiff Janell Frey, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County docketed as Case No. 05-18175 CA 09.

2.    In her Complaint, Plaintiff alleges Defendant discriminated and retaliated against her in violation of the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.*, (Counts I-IV) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, (Counts I-IV) and 42 U.S.C. §1981 (Counts I-IV), and retaliated against her in violation of the Florida Whistleblower's Act, Florida Statute §448.102 (Counts IV).



3. Each of the four counts in Plaintiff's Complaint specifically refers to and incorporates the following allegation: "The Defendant subjected Frey to race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981, and *Florida Statutes* 760.01 *et seq.*" Furthermore, in Count IV, Plaintiff alleges "Frey objected to the Defendant's intentional violations of the Florida Civil Rights Act, 42 U.S.C. §1981, and Title VII of the Civil Rights Act of 1964 (hereinafter referred to as equal employment statutes), because of the race discrimination from which she was suffering."

4. Pursuant to 28 U.S.C. §1331, District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States. Thus, this Court has original jurisdiction over Plaintiff's claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981, and this action is therefore removable under 28 U.S.C. §1441(a);(b).

5. Pursuant to 28 U.S.C. § 1441(c), whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein. Thus, this Court has jurisdiction over Plaintiff's claims under the Florida Civil Rights Act and the Florida Private Whistleblower's Act.

6. Plaintiff served her Summons and Complaint upon the Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC. on December 22, 2005.

7. This Notice of Removal is filed with this Court within thirty (30) days of service of the Summons and Complaint on Defendant.

8.  Copies of all pleadings, process and orders filed in the Circuit Court and served are attached hereto as Exhibit A and are incorporated herein by reference.

Date:  January 11, 2006.

                                       Respectfully submitted,

                                       _____
                                       Rodolfo Gomez
                                       Florida Bar No. 0820903
                                       rgomez@anblaw.com
                                       Zascha Blanco Abbott
                                       Florida Bar No. 0614671
                                       zblanco@anblaw.com

                                       ALLEN, NORTON & BLUE, P.A.
                                       121 Majorca Avenue, Third Floor
                                       Coral Gables, Florida 33134
                                       Phone:  (305) 445-7801
                                       Fax:  (305) 442-1578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served U.S. Mail, postage prepaid, on this <u>11th</u> day of January, 2006 upon:

Chris Kleppin, Esquire
Glasser, Boreth, Ceasar & Kleppin
8751 W. Broward Blvd.
Suite 105
Plantation, Florida 33324
Tel:  (954) 424-1933
Fax:  (954) 474-7405

                                       _____
                                       Attorney

**EXHIBIT A**

```
                      HOWARD C. FORMAN, CLERK                        PAGE    1
                      CIVIL ACTION DOCKET AS OF 01/10/06

 FREY JENELL                                CASE ID: CA-CE-05-018175
                      PLAINTIFF(S)
 -V-                                        FILING: 12/19/05
                                            ACTION: OTHER CIVIL
 ARMOR CORRECTIONAL HEALTH    #             JUDGE: ROBERT L ANDREWS
                      DEFENDANT(S)

         PARTY GROUP     PARTY TYPE              PARTY NAME
         -----------     ----------              ----------
           001           ATTORNEY                KLEPPIN CHRIS
           001           PLAINTIFF               FREY JENELL
           002           DEFENDANT               ARMOR CORRECTIONAL HEALTH    #

  DATE                 ***** PROGRESS IN CASE *****                     FEES

 DEC 23 05
     SUMS RETD SRVD 12-22-05 ARMOR CORRECTIONAL HEALTH
     SERVICES INC, A FLORIDA CORPORATION
 DEC 19 05
     RANDOM ASSIGNMENT                              SUBD:09
 DEC 19 05
     12/19/05 IS CLOCK-IN DATE OF CASE
 DEC 19 05
     SUMMONS ISSUED 1
 DEC 19 05
     CIVIL COVER SHEET
 DEC 19 05
     COMPLAINT FILED
 DEC 19 05
     FILING FEE PAID
                                                          -------------
                                            DOCKET TOTAL:          .00

 REQUESTED BY GJS AT 0130      DATE: 01/10/06    TIME: 11:37

 ************** END OF REPORT ***************
```

[Circuit Court of Broward County certification stamp: "STATE OF FLORIDA, BROWARD COUNTY. I DO HEREBY CERTIFY the within and foregoing is a true and correct copy of the original as it appears on record and file in the office of the Circuit Court Clerk of Broward County, Florida. WITNESS my hand and Official Seal at Fort Lauderdale, Florida, this 17th day of JAN 2006. Deputy Clerk"]

## RETURN OF SERVICE

| State of Florida | County of Broward | Circuit Court |

Rocio Alvarez

Case Number: 05-18175-09

PLAINTIFF:
JENELL FREY
vs.
DEFENDANT:
ARMOR CORRECTIONAL HEALTH SERVICES, INC.

For:
Chris Kleppin, Esq.
GLASSER, BORETH, CEASAR & KLEPPIN
8751 W. Broward Blvd., #105
Plantation, FL 33324

Received by ACCURATE SUPPORT RESOURCES on the 19th day of December, 2005 at 9:50 pm to be served on **ARMOR CORRECTIONAL HEALTH SERVICES INC., C/O REGISTERED AGENT, BRENT D. KLEIN, 701 BRICKELL AVENUE, MIAMI, FLORIDA**.

I, Jeff A. Lang, do hereby affirm that on the **22nd day of December, 2005 at 12:40 pm, I:**

Served the within named corporation by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me to FRANK SHIRLEY, AUTHORIZED BY BRENT KLEIN as **Registered Agent** of the within named corporation, in compliance with State Statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the County in which the process was served. Under penalty of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true.

Jeff A. Lang
Cps #673

ACCURATE SUPPORT RESOURCES
1840 S.E. 4th Avenue
Suite-2 B
Ft. Lauderdale, FL 33316
(954) 761-9977
Our Job Serial Number: 2005002809

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5q

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL ACTION NO.: 0518175

SUMMONS

JENELL FREY.

Plaintiff(s)

vs.

Judge: 09

ARMOR CORRECTIONAL HEALTH SERVICES, INC.
a Florida corporation,

Defendant(s)

---

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition in this action on Defendant:

Armor Correctional Health Services, Inc.    Registered Agent –    Brent D. Klein
a Florida corporation                                                 701 Brickell Ave.
                                                                      Miami, FL 33131

---

Each Defendant is required to serve written defenses to the Complaint or Petition on:

Chris Kleppin

Plaintiff's attorney, whose address and phone is:

Glasser, Boreth, Ceasaar & Kleppin
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
(954) 424-1933

within 20 days after this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs; attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition

DATED  DEC 1 9 2005 , 2005.

(Court Seal)

**HOWARD C. FORMAN**
Clerk of the Court

By: _____
    Deputy Clerk

I. CASE STYLE

**IN THE 17th JUDICIAL CIRCUIT COURT IN AND FOR BROWARD COUNTY, FLORIDA**

Plaintiff   JENELL FREY                                  Case #: **0518175**

vs.                                                      Judge: **09**

Defendant   ARMOR CORRECTIONAL SERVICES, INC.
            a Florida corporation

II. TYPE OF CASE   (Place an "x" in one box only. If the case fits more than one type of case, select the most definitive.)

| [ ] Domestic Relations | [ ] Torts | [x] Other Civil |
|---|---|---|
| [ ] Simplified dissolution | [ ] Professional Malpractice | [ ] Contracts |
| [ ] Dissolution | [ ] Products liability | [ ] Condominium |
| [ ] Support-IV-D | [ ] Auto negligence | [ ] Real property/Mortgage foreclosure |
| [ ] Support-Non IV-D | [ ] Other negligence | |
| [ ] URESA-IV-D | [ ] Eminent Domain | |
| [ ] URESA-Non IV-D | | [x] Other |
| [ ] Domestic violence | | |
| [ ] Other domestic relations | | |

III. Is Jury Trial Demanded in Complaint?

   [x] Yes

   [ ] No

DATE _December 19, 2005_                 SIGNATURE OF ATTORNEY FOR PARTY
                                         INITIATING ACTION

                                         _Chris Kleppin_

IN THE CIRCUIT COURT, 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

JENELL FREY,

    Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH SERVICES,
INC., a Florida corporation,

    Defendants.

_____/

CASE NO. 0518175

Judge:

## COMPLAINT

Plaintiff, Jenell Frey ("Frey"), through her undersigned attorneys, files this Complaint against the Defendant, Armor Correctional Health Services, Inc., a Florida corporation, and alleges:

### JURISDICTION AND VENUE

1. This suit is brought against the Defendant pursuant to *Florida Statutes* § 760.01 *et seq.*, (the "Florida Civil Rights Act of 1992") and the Florida Whistleblower Act (*Florida Statutes* § 448.101 et seq.).

2. Jurisdiction is conferred upon this Court by:

    (a) *Florida Statutes* § 34.01(1)(c)4 (1995) because Frey is seeking more than $15,000 in damages;

    (b) Additionally, jurisdiction is conferred upon this Court pursuant to Article V, § 20(c)(3) of the Florida Constitution and *Florida Statutes* § 26.012(2)(c) (1995) because equitable relief is sought by Frey.

3. Venue is proper for the Circuit Court of Broward County because:

(a) Frey was employed in Broward County, Florida by the Defendant which at all material times conducted, and continues to conduct, business in Broward County, Florida;

(b) Additionally, venue lies pursuant to *Florida Statutes* § 47.051 because the acts that gave rise to Frey's claim occurred in Broward County, Florida and because Defendant keeps an office for the transaction of its customary business in Broward County, Florida.

(c) Venue also lies in Broward County pursuant to *Florida Statutes* § 760.01 *et seq.*, because the retaliatory personnel action occurred in Broward County.

## CONDITIONS PRECEDENT

5. Frey has complied with all the conditions precedent in this case, or they have been waived.

6. Frey timely filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR"), on or about June 16, 2005, and received a Notice of Right to Sue that is dated September 22, 2005.

7. This Complaint has been filed more than one hundred and eighty (180) days after filing a charge with the FCHR, and within 90 days of receiving the Notice of Right to Sue.

8. Frey has satisfied all administrative prerequisites for all claims for relief asserted herein and for the Court's assumption of jurisdiction over all claims for relief herein pursuant to FCRA.

## PARTIES

9. Plaintiff, Frey, is a citizen of the United States, who resides within Broward County, Florida.

10. Armor Correctional health Services, Inc., is a Florida corporation which, at all times material, conducted substantial and continuous business in Broward County, Florida, and is subject to the laws of the United States and of the State of Florida, and was Frey's employer.

11. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Florida Civil Rights Act of 1992, *Florida Statutes* § 760.02(6-7).

12. Frey was, at all times material, an "employee" as defined by *Florida Statutes* § 760.02(5) and the Whistleblower Act.

13. At all times material to this action, the Defendant and certain of its representatives engaged in unlawful discriminatory practices against Frey, which were motivated by Frey's race and complaints of race discrimination, in violation of the Florida Civil Rights Act of 1992 and the Florida Whistleblower Act.

## STATEMENT OF FACTS

14. Frey is black.

15. Frey worked as a nurse in jails in Broward County, Florida for 15 years.

16. In the last few years, Frey worked in the main jail.

17. Since about the start of 2005, the Defendant took over the contract that the Sheriff has for providing nurse services to jail inmates.

18. At that time, the Defendant became my employer.

19. A couple of years ago, a company named Wexford had the contract, and the Director of Nursing was Ewa Podlacha.

20. Numerous black nurses (including myself) complained that Podlacha was discriminating against them and harassing them because they were black, and that she was a racist.

21. At least one lawsuit was filed by a black nurse alleging such discrimination.

22. Frey complained to Wexford's Human Resources Department in Pittsburgh, Pennsylvania about Podlacha's discrimination/harassment.

23. Wexford responded, in part, by transferring Podlacha away from the main jail and the nurses who complained about her.

24. However, once the Defendant was awarded the contract, it transferred Podlacha back to the main jail, and promoted her into the Systems Manager position.

25. As soon as Podlacha was transferred back to the main jail, she sought revenge, as she began retaliating (and discriminating) against the black nurses, evidently particularly those who had complained about her in the past.

26. Podlacha especially did not like Frey because Frey is married to a white man.

27. Podlacha discriminated and retaliated against Frey by assigning her to far less desirable work than white nurses.

28. Frey's health problems prevent her from working on certain floors for extended periods of time, but Podlacha assigned her to those floors specifically to force Frey to resign, because no reasonable person would tolerate such work in Frey's physical condition.

29. Podlacha also paid non-black nurses with comparable or lesser qualifications more money and benefits than Frey and other black nurses.

30. Frey refused to resign, but Podlacha terminated her anyway.

31. The Defendant subjected Frey to race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and *Florida Statutes* § 760.01 *et seq.*

32. Frey has retained the undersigned legal counsel to prosecute this action in her behalf, and has agreed to pay counsel a reasonable fee for their services.

33. Frey is entitled to his reasonable attorneys' fees if she is the prevailing party in this action.

## COUNT I

## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – TERMS AND CONDITIONS

34. Frey re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 33 as though fully set forth.

35. Defendant discriminated against Frey with respect to her employment because of her race by failing to pay her as much as similarly situated non-black nurses.

36. Defendant's actions violate the Florida Civil Rights Act of 1992, and specifically *Florida Statutes* § 760.10, by failing to pay Frey as much as similarly situated non-black nurses, and otherwise treating her differently from similarly situated employees, because of a condition of her race.

37. As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act by the Defendant with respect to the way in which it paid Frey, which constitutes discrimination against him because of her race, Frey has been damaged.

38. Frey's damages include loss of work, humiliation, emotional pain, distress, depression, loss of her self-esteem, loss of dignity, loss of enjoyment of life, loss of back pay, loss of front pay, loss of bonuses, fringe and retirement benefits, lost future earnings capacity, and punitive damages.

## COUNT II

## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – TERMINATION CLAIM

39. Frey re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 33 as though fully set forth.

40. Defendant discriminated against Frey with respect to her employment because of her race by terminating her.

41. Defendant's actions violate the Florida Civil Rights Act of 1992, and specifically *Florida Statutes* § 760.10, by terminating Frey and otherwise treating her differently from similarly situated employees, because of a condition of her race by terminating her.

42. As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act by the Defendant with respect to its termination of her, by discriminating against him because of her race, Frey has been damaged.

43. Frey's damages include loss of work, humiliation, emotional pain, distress, depression, loss of her self-esteem, loss of dignity, loss of enjoyment of life, loss of back pay, loss of front pay, loss of bonuses, fringe and retirement benefits, lost future earnings capacity, and punitive damages.

## COUNT III

## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT - RETALIATION

44. Frey re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 33 as though fully set forth.

45. Frey engaged in statutorily protected activity by complaining of racial discrimination, and because of such protected activity, the Defendant retaliated against her by

terminating her. There is a causal link between his protected activity and the adverse employment action from which she suffered.

46. The conduct of Defendant alleged above violated Frey's rights under the Florida Civil Rights Act against retaliation for having engaged in protected activity under the Florida Civil Rights Act or what she reasonably perceived to be an unlawful employment practice.

47. As a direct and proximate result of the intentional and premeditated retaliatory acts by the Defendant, Frey has been damaged. Her damages include back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity, emotional pain, suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and punitive damages.

WHEREFORE, as to Counts I-III, Frey respectfully requests that this Court:

(a) Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees, and which eradicate the effects of its past and present unlawful employment practices.

(b) Order Defendant to make Frey whole by providing compensation for past pecuniary losses, including back pay with pre-judgment interest and lost benefits, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(c) Order Defendant to make Frey whole by providing compensation for future pecuniary losses, including front pay, in amounts to be proven at trial.

(d) Order Defendant to make Frey whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, loss of enjoyment of work, and humiliation, in amounts to be proven at trial.

(e)     Order Defendant to pay Frey punitive damages for its malicious and/or reckless conduct, in amounts to be proven at trial.

(f)     Order Defendant to make Frey whole by compensating her for lost future earnings capacity.

(g)     Award Frey her attorneys' fees and costs in this action.

(h)     Grant such further relief as the Court deems necessary and proper.

## COUNT IV

## VIOLATION OF THE WHISTLEBLOWER'S ACT - § 448.102

48.     Frey re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 33 as though fully set forth.

49.     Frey objected to, and refused to participate in, an activity, policy, or practice of the Defendants which is in violation of a law, rule, or regulation, as set forth more fully above.

50.     Frey objected to the Defendants' intentional violations of the Florida Civil Rights Act, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964 (hereinafter referred to as equal employment statutes), because of the race discrimination from which she was suffering.

51.     Frey refused to participate in an unlawful activity, policy, and practice of the Defendants, including but not limited to the Defendant's intentional violations of the equal employment laws.

52.     The failure of an employer to follow the equal employment statutes and the regulations associated with those statutes constitutes:

   (a)     an activity in violation of a law, rule, or regulation; and/or is

   (b)     a policy in violation of a law, rule, or regulation; and/or is

   (c)     a practice in violation of a law, rule, or regulation.

8

53. As a direct and proximate result of Frey's protected activity under the Florida Whistleblower Act (her complaining of race discrimination in violation of the equal employment statutes and their regulations), and the adverse employment action the Defendant took against Frey because of Frey's protected activity, Frey has been damaged. Her damages include back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity, emotional pain, suffering, mental anguish, loss of enjoyment of life, punitive damages, and other non-pecuniary losses.

WHEREFORE, Frey respectfully requests that this Court:

(a) Order the corporate Defendant to make Frey whole by providing compensation for past pecuniary losses including back pay, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(b) Order the corporate Defendant to make Frey whole by providing compensation for future pecuniary losses including front pay, in amounts to be proven at trial.

(c) Order the corporate Defendant to make Frey whole by providing compensation for non-pecuniary losses including emotional pain, suffering, loss of dignity, mental anguish, loss of enjoyment of work, and humiliation, in amounts to be proven at trial.

(d) Order Defendant to pay Barrett punitive damages for its malicious and/or reckless conduct, in amounts to be proven at trial.

(e) Award Frey her attorneys' fees and costs in this action.

(f) Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Frey demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: _December 19, 2005_

                                            Glasser, Boreth, Ceasar & Kleppin
                                            8751 W. Broward Blvd.
                                            Suite 105
                                            Plantation, FL 33324
                                            Tel. (954) 424-1933
                                            Fax  (954) 474-7405
                                            E-mail: Glabor@aol.com

                                            By: _____
                                            Chris Kleppin
                                            Fla. Bar No. 625485

                                            Harry O. Boreth
                                            Fla. Bar No. 190903

C:/MyDocuments/Frey/Complaint12/14/05

JS 44 (Rev. 11/05)    **CIVIL COVER SHEET**    06-60049

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

CIV-COHN

MAGISTRATE JUDGE SNOW

### I. (a) PLAINTIFFS
Jenell Frey

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Chris Kleppin, Esquire, Glasser, Boreth, Ceasar & Kleppin, 8751 West Broward Blvd., Suite 105, Plantation, Florida 33324.
Tel: 954-474-7405

Attorneys (If Known)
Rudy Gomez, Esq. & Zascha Blanco Abbott, Esq., Allen, Norton & Blue, PA, 121 Majorca Ave., Coral Gables, FL 33134. 305-445-7801

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED by ___ D.C.
INTAKE
JAN 12 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  |  | ☐ 865 RSI (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☑ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page).
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 Alleged race discrimination and alleged retaliation in employment.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 1/11/06

FOR OFFICE USE ONLY
AMOUNT $250.00    RECEIPT # 536075    IFP

JS 44 Reverse (Rev 11/05)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

   **(d)** Choose one County where Action Arose.

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled Copy of Order of Dismissal. (3)

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

VII. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VIII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.